UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PABLO L. MORALES,**

    **Plaintiff,**

v.                                                                                                      Case No: 5:25-cv-239-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____/

### ORDER

This cause comes before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand ("Motion to Remand"). (Doc. 13). In the Motion to Remand, Defendant requests that this action be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (*Id.* at pp. 1-2). Defendant states that upon remand, an Administrative Law Judge will be "instructed to offer the [c]laimant the opportunity for a hearing"; "further evaluate the [c]laimant's alleged symptoms"; "give further consideration to the medical source opinions and prior administrative medical findings"; "give further consideration to the [c]laimant's maximum residual functional capacity"; "obtain supplemental evidence from a vocational expert"; "take any further action needed to complete the administrative record"; and "issue a new decision." (*Id.* at p. 1). Defendant represents that Plaintiff's counsel does not oppose the relief requested in the motion. (*Id.* at p. 2).

Pursuant to 42 U.S.C. § 405(g) of the Social Security Act, the Court has the authority to enter a judgment reversing the decision of the Commissioner with or without remanding

the cause for a rehearing. *See* 42 U.S.C. § 405(g);[1] *Shalala v. Schaefer*, 509 U.S. 296-302 (1993). The failure of the ALJ to develop the record, for example, constitutes sufficient grounds for remand. *See Brissette v. Heckler*, 730 F.2d 548, 549-50 (8th Cir. 1984), *appeal after remand*, 613 F. Supp. 722 (E.D. Mo. 1985), *aff'd in part, rev'd in part*, 784 F.2d 864 (8th Cir. 1986). Likewise, where the court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision. *See Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (finding that remand was appropriate to allow the ALJ to explain the basis for his determination that the claimant's depression did not significantly affect her ability to work). As such, on remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See, e.g.*, *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider the psychiatric report tendered to the Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (determining that the ALJ on remand should consider the need for an orthopedic evaluation).

Upon review of the filings and record in this case, the Court finds it appropriate to remand this matter to the Commissioner for further administrative proceedings.[2]

---

[1] Section 405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See id*.

[2] Remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and terminates this Court's jurisdiction over this matter. *See Shalala*, 509 U.S. at 296-302.

- 3 -

Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 13) is **GRANTED**.

(2) This action is **REVERSED** and **REMANDED** to the Commissioner for further consideration and administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

(3) The Clerk is **directed** to enter judgment in favor of Plaintiff and against Defendant and then to close the file.

**DONE** and **ORDERED** in Ocala, Florida on September 9, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties