UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PABLO L. MORALES,

    Plaintiff,

v.                                                          Case No: 5:25-cv-239-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) ("Petition"). (Doc. 17). Plaintiff requests an award of $9,987.67 in attorney's fees and $405.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.* at pp. 1, 5, 8).[1] Plaintiff represents that Defendant has no objection to the relief sought. (*Id.* at p. 4). Upon due consideration, Plaintiff's Petition is due to be granted.

### I. BACKGROUND

In this case, the Court reversed and remanded this action to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment accordingly. (Docs. 14 & 15). Plaintiff now moves for an award of $9,987.67 in attorney's fees and $405.00 in costs for the filing fee under the EAJA. (Doc. 17).

---

[1] The pagination of the Petition and attached memorandum is not continuous. As such, citations to the Petition follow the pagination of the Court's electronic filing system (CM/ECF).

## II.   DISCUSSION

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160-61 (1990). A party is eligible to receive an award of attorney fees under the EAJA if the following conditions are met: (1) the party seeking the award is the prevailing party in a non-tort suit involving the United States; (2) the application for attorney's fees is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the government's position was not substantially justified; and (5) there are no special circumstances that would make the award of fees unjust. *See* 28 U.S.C. § 2412(d).

A party in a social security case is a "prevailing party" if the court orders a sentence four remand. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). A request for an award of EAJA fees is timely made if filed within 30 days of the "final judgment in the action," which, if no appeal is taken, is 90 days after the judgment is entered. *See* 28 U.S.C. § 2412(d)(1)(B); 28 U.S.C. § 2412(d)(2)(G) (defining a "final judgment" as a judgment that "is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (stating that a notice of appeal must be filed within 60 days of judgment in a case in which the United States is a party); *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996) (explaining that a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *see Jean*, 496 U.S. at 160, and, if that allegation is made, the Commissioner bears the burden of proving that his position was substantially justified, *see United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citation omitted); *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (stating that "[t]he

government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e., when it has a reasonable basis in both law and fact") (internal quotation marks and citation omitted). A court may deny an EAJA request based on equitable considerations. *See Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004).

Upon review of the Petition, the Court finds that all conditions have been satisfied. First, Plaintiff is a prevailing party because he obtained a sentence four remand. (*See* Docs. 14 & 15). Second, Plaintiff's Petition for attorney's fees under the EAJA is timely, as the Court entered judgment in this action on September 11, 2025 (Doc. 15), and Plaintiff filed the instant Petition on November 21, 2025 (Doc. 17). Third, Plaintiff states that his net worth was less than $2 million when he filed the complaint. (*See* Doc. 17 at p. 2). Fourth, Plaintiff's motion includes an allegation that the Commissioner's position was not substantially justified, and the Commissioner has not attempted to satisfy his burden of showing otherwise. (*See id*. at pp. 6-7). Finally, the Commissioner does not contend that this case presents a special circumstance that would make the award of fees unjust, and none is apparent. Thus, Plaintiff is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount of $9,987.67 in attorney's fees is reasonable.

EAJA fees are determined under the "lodestar" method—i.e., the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990). The resulting fee carries a strong presumption of reasonableness. *See City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Plaintiff states that his counsel expended a total of 38.70 hours (i.e., 6.60 hours by Carol Avard, 29.80 hours by Craig Polhemus, and 2.30 hours for the preparation of the Petition) on his representation before the Court in 2025. (*See* Doc. 17 at p. 3). Plaintiff includes an affidavit signed by counsel Carol Avard in the Petition, detailing his attorneys' time spent on the representation and the services rendered. (*See* Doc. 17-1 at pp. 18-19). Upon review of the time records and the services provided, the Court finds the hours expended by Plaintiff's counsel to be reasonable.

As to the rate, Plaintiff requests an hourly rate of $258.08 for counsel's work performed in 2025, contending that a statutory cost-of-living adjustment is appropriate in the hourly rate. (*See* Doc. 17 at pp. 3, 7). In considering this request, the amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee award." *See* 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate, the court first ascertains the prevailing market rate, then, if the prevailing market rate exceeds $125 per hour, the court determines whether to adjust the hourly rate. *See Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). Upon review, the Court finds the hourly rate of Plaintiff's counsel to be reasonable.

Therefore, considering that the hourly rates and the number of hours expended by Plaintiff's counsel appear reasonable in this case, and with no opposition filed, the Court will award $9,987.67 in attorney's fees and $405.00 in costs for the filing fee.

As a final matter, Plaintiff's Petition includes an executed fee agreement between Plaintiff and his counsel authorizing the Commissioner to pay the attorney fees directly to Plaintiff's counsel. (*See* Doc. 17-2). Plaintiff acknowledges that after awarding EAJA fees, the Commissioner will determine whether he owes a federal debt to the U.S. Government. (*See* Doc. 17 at p. 3). If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees, and the fees will be paid directly to counsel. (*See id.*). Therefore, the fees awarded should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that Plaintiff does not owe a federal debt.

### III. CONCLUSION

Accordingly, based upon the foregoing, it is **ORDERED** that:

(1) Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 17) is **GRANTED**.

(2) Plaintiff is **awarded $9,987.67 in attorney's fees and $405.00 in costs**. This award may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that Plaintiff does not owe a federal debt.

**DONE** and **ORDERED** in Ocala, Florida on December 2, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties